UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CECILIA SANDOVAL, | ) 1:03-CV-5495-SMS |
| | ) |
| Plaintiff, | ) ORDER GRANTING FIRST AMENDED |
| | ) MOTION FOR ALLOWANCE OF |
| | ) ATTORNEY'S FEES (DOCS. 22, 23) |
| v. | ) |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social | ) |
| Security, | ) |
| | ) |
| Defendant. | ) |
| | ) |

Plaintiff prevailed in her action, filed on April 21, 2003, seeking review of a decision of the Social Security Administration (SSA) denying her benefits under Title II of the Social Security Act. By order dated February 26, 2004, the Court ordered pursuant to the parties' stipulation that the matter be remanded pursuant to 42 U.S.C. § 405(g), sentence four, for the purpose of offering Plaintiff a new hearing and decision. No briefs had been filed. On April 14, 2004, pursuant to a stipulated order, the Court awarded Plaintiff attorney's fees and expenses under the Equal Access to Justice Act (EAJA) in the amount of $1,900.00. The order stated that it was a compromise

1

settlement of Plaintiff's request for EAJA fees and did not constitute any admission of liability. The stipulated order stated that the amount "represented compensation for legal services rendered on behalf of plaintiff by plaintiff's attorney in connection with this civil action for services performed before the district court in accordance with 28 U.S.C. § 2412(d)." It further recited that it constituted a compromise settlement of Plaintiff's request for EAJA attorney's fees that barred any further application for fees under the EAJA. The stipulation and order expressly provided:

> The settlement of plaintiff's claim for EAJA attorney fees does not preclude plaintiff's counsel from seeking attorney fees under 42 U.S.C. 406 of the Social Security Act, subject to the offset provisions of the law.

(Order p. 2.)

Pending before the Court is the motion of Plaintiff's counsel, Mark V. Kalagian of the office of Rohlfing and Kalagian, LLP, for an award of attorney's fees pursuant to 42 U.S.C. § 406(b). The first amended motion was filed on June 1, 2006, after an earlier motion was denied without prejudice for lack of service. Defendant filed a statement in response in which it took no position as to whether the requested fee was reasonable but noted various factors to be considered by the Court. Plaintiff filed a reply on June 7, 2006.

I. <u>Background</u>

When the case was remanded to the agency, the Commissioner granted Plaintiff's application, entitling her to receive approximately $49,413.00 in retroactive benefits from Title II benefits. A sum of $12,353.25 was withheld as twenty-five per

2

cent of the award. Counsel's office had expended 10.75 hours of attorney time and 3.2 hours of paralegal time before this Court.

The attorney-client representation agreement between Plaintiff and her counsel that was submitted with the motion for fees provides that if the matter required judicial review of any adverse decision of the SSA, the fee for successful prosecution of the matter was twenty-five per cent of the back pay awarded upon reversal of any unfavorable ALJ decision for work before the Court. (Decl. of Kalagian, Ex. 1 ¶ 4.) It also provided that the client was to pay all costs. (Id. ¶ 5.) Counsel also represented Plaintiff at the administrative level and was paid $5,300.00 for representation at the administrative level pursuant to 42 U.S.C. § 406(a).

Counsel requests a fee of $7,000.00 pursuant to a contingency fee contract and an order that Plaintiff be reimbursed in the amount of the $1,900.00 for EAJA fees previously paid.

II. Analysis

A. Legal Standards

With respect to fees awarded under the EAJA, 28 U.S.C. § 2412(d)(1)(A) provides:

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

With regard to the Social Security Act's provision for

attorney's fees for services rendered in connection with judicial review of the administrative proceedings, 42 U.S.C. § 406(b) provides:

> (b) Attorney fees
>
> (1)(A) Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment, and the Commissioner of Social Security may, notwithstanding the provisions of section 405(i) of this title, but subject to subsection (d) of this section, certify the amount of such fee for payment to such attorney out of, and not in addition to, the amount of such past-due benefits. In case of any such judgment, no other fee may be payable or certified for payment for such representation except as provided in this paragraph.
>
> (B) For purposes of this paragraph--
>
> (i) the term "past-due benefits" excludes any benefits with respect to which payment has been continued pursuant to subsection (g) or (h) of section 423 of this title, and
>
> (ii) amounts of past-due benefits shall be determined before any applicable reduction under section 1320a-6(a) of this title.
>
> (2) Any attorney who charges, demands, receives, or collects for services rendered in connection with proceedings before a court to which paragraph (1) of this subsection is applicable any amount in excess of that allowed by the court thereunder shall be guilty of a misdemeanor and upon conviction thereof shall be subject to a fine of not more than $500, or imprisonment for not more than one year, or both.

The attorney petitioning for an award of fees pursuant to § 406(b) bears the burden of showing that a claimed fee that was set by contract is reasonable for the services rendered. Gisbrecht v. Barnhart, 535 U.S. 789, 122 S.Ct. 1817, 1828 (2002). The fee agreement is entitled to significant weight, but even if

4

the claimed fee is within the twenty-five percent limitation, the Court must independently assess the reasonableness of the contract. Id. To avoid a windfall for the attorney, recovery may be reduced because of the character of the representation, the results achieved, a disproportionately large award in comparison to the time expended, or any delay caused by the attorney. Id. Thus, the Court may require the claimant's attorney to submit a record of the hours spent on the case and a statement of the lawyer's normal hourly billing charge for noncontingent-fee cases. Id.

B. Reasonableness of Fee

Movant's declaration and the itemized hours (Ex. 4) establish that counsel expended 10.75 hours of attorney time and 3.2 hours of paralegal time through the entry of the order of remand.

The appropriate starting point for determination of a reasonable fee for representation before the Court is not a lodestar type formulation; rather, the Court will determine whether the fee, which is acknowledged to be within the permissible twenty-five per cent of total recovery, is reasonable.[1] Gisbrecht, 535 U.S. at 792, 797-98, 808. Here, only 10.75 attorney hours and 3.00 paralegal hours were expended in representation before this Court. This would result in a de facto

---

[1] A lodestar amount is based upon reasonable hours expended multiplied by a reasonable hourly rate, see, Allen v. Shalala, 48 F.3d 456 (9th Cir. 1995) (overruled by Gisbrecht), which may then be adjusted by considering various factors identified in Kerr v. Screen Actors Guld, Inc., 526 F.2d 67 (9th Cir. 1975), such as time and labor required, difficulty of questions involved, skill needed to perform the service and the experience, reputation and ability of the attorneys, preclusion of other employment, customary fee, whether the fee is fixed or contingent, time limits imposed by the client or circumstances, the amount involved and the results obtained, the undesirability of the case, the nature and length of the professional relationship with the client, and awards in similar cases.

hourly rate of over $500.00 or $600.00, depending upon whether or not the paralegal hours are included in a calculation.[2] (See Deft.'s statement in reply at 4.) This might warrant a departure downward. Gisbrecht, 535 U.S. at 808. However, the character of the representation was clearly excellent in view of counsel's ability to obtain a stipulated remand without briefing or any further use of the resources of the Court or of the parties. Further, the results achieved were clearly quite favorable to the Plaintiff, who received a substantial award of past-due benefits as well as ancillary medical insurance benefits. The Court is also mindful of the value of the contingency; despite having lost before the agency, counsel persevered despite the limited scope and standard of review in the proceedings before the Court and thus despite a decreasing likelihood of recovery. See, Hearn v. Barnhart, 262 F.Supp.2d 1033, 1037 (N.D.Cal.2003) (noting that courts have generally been deferential to the terms of contingency fee contracts in § 406(b) cases and have accepted that the resulting de facto hourly rates [ranging from over $300 to over $600 per hour] might exceed those for non-contingency-fee arrangements). This Court notes that without the incentive of recovery of a maximum contingency fee, plaintiffs might go unrepresented or be forced to abandon their claims.

    Therefore, the Court finds that the fees requested are

---

[2] As Defendant notes, courts are in disagreement regarding whether or not time expended by a paralegal is separately considered or whether it has been expected to be included in overhead. See, Roark v. Barnhart, 221 F.Supp.2d 1020, 1026 (W.D.Mo.2002) (declining to include paralegal time, which comprised over half of the time spent in the case, in the section 406(b) award because it had been compensated in the EAJA award); Yarnevic v. Apfel, 359 F.Supp.2d. 1363, 1365-66 (N.D.Ga.2005) (concluding that not including paralegal fees would amount to a windfall to Plaintiff, and approving an award that amounted to an hourly rate of almost $650 where counsel was highly experienced and had obtained significant benefits).

reasonable.

### C. Offset of EAJA Award

The payment under the EAJA arises if the government's position in the litigation was not substantially justified, and the fee is determined by the time expended and the attorney's hourly rate. 28 U.S.C. § 2412(d). The payment provided for under § 406(b)(1)(A) is payable out of, and not in addition to, the amount of the past-due benefits. Gisbrecht v. Barnhart, 122 S.Ct. 1817, 1820, 1822. Congress has harmonized fees payable by the government under the EAJA with fees payable under § 406(b) out of a Social Security claimant's past-due benefits. Fee awards may be made under both provisions, but the claimant's attorney must refund to the claimant the amount of the smaller fee up to the point that the claimant receives one hundred per cent of the past-due benefits. Act of Aug. 5, 1985, Pub.L. 99080, § 3, 99 Stat. 186; Gisbrecht v. Barnhart, 122 S.Ct. at 1822.

Here, the fee of $7,000.00 provided for under the contract and § 406(b) must be reduced by the $1,900.00 previously awarded under the EAJA.

Accordingly, it IS ORDERED that the amended petition of Plaintiff's counsel for an award of $7,000.00 in fees IS GRANTED subject to a $1,900.00 offset to Plaintiff for the prior EAJA award.

IT IS SO ORDERED.

**Dated:   September 14, 2006**             /s/ Sandra M. Snyder
icido3                                    UNITED STATES MAGISTRATE JUDGE